UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

PIERRE BROWNING,

                               Plaintiff,

     -v-

THE CITY OF NEW YORK; New York City Police Department ("NYPD") Officer ("P.O.") YESENIA VELAZQUEZ (Shield No. 08474) and VIVIAN GAVILANES (Shield No. 06306), in their individual capacities,

                               Defendants.

**AMENDED COMPLAINT AND DEMAND FOR A JURY TRIAL**

Index No. 14-CV-9257 (KPF)

-----------------------------------------------------------------x

       Plaintiff PIERRE BROWNING, by his attorneys David B. Rankin of Rankin & Taylor, PLLC, and Michael L. Spiegel for his amended complaint, does hereby state and allege:

### PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiff PIERRE BROWNING's rights were violated when officers of the NEW YORK CITY POLICE DEPARTMENT ("NYPD") unconstitutionally detained and arrested plaintiff despite the absence of probable cause. By reason of defendants' actions, including their use of excessive force, plaintiff was deprived of his constitutional rights.

3. Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that plaintiff's claim arose in the Southern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

## PARTIES

7. Plaintiff PIERRE BROWNING is, and was at all times relevant to this action, a resident of the County of the Bronx in the State of New York.

8. Defendant THE CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and police officers as said risks attach to the public consumers of the services provided by the NYPD.

9. NYPD Officer ("P.O.") YESENIA VELAZQUEZ (Shield No. 08474) ("VELAZQUEZ") and VIVIAN GAVILANES (Shield No. 06306) ("GAVILANES") (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

10. The individual defendants are being sued herein in their individual and official capacities.

11. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers

of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

12. The individual defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

13. At all relevant times, the individual defendants were engaged in joint ventures, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## STATEMENT OF FACTS

14. Mr. BROWNING was unlawfully arrested by P.O. VELAZQUEZ and P.O. GAVILANES on May 28, 2012, in the evening, at 930 Fox Street Bronx County in the State of New York.

15. Mr. BROWNING lives at 930 Fox Street, Bronx, New York.

16. P.O. VELASQUEZ and P.O. GAVILANES stopped Mr. BROWNING on the landing to his apartment and interrogated him.

17. Shortly thereafter, the officers were given proof that Mr. BROWNING lives at that address.

18. The individual defendants then handcuffed Mr. BROWNING and forcefully brought him outside and they slammed his face against the wall.

19. The individual defendants wantonly tightened the handcuffs with extreme severity.

20. Mr. BROWNING was then arrested without cause.

21. Mr. BROWNING was then transported to the 41ST Precinct Stationhouse.

22. As a result of his arrest, Mr. BROWNING spent approximately 24 hours in Defendant's custody.

23. Mr. BROWNING was charged with false impersonation.

24. This charge was based upon the false statements of P.O. VELAZQUEZ.

25. At no point did Mr. BROWNING commit false impersonation, nor did he commit any other unlawful act.

26. The charges against Mr. BROWNING were adjourned in contemplation of dismissal on February 26, 2014.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. §1983
### (Against the individual defendants)

27. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

28. By their conduct and actions in falsely arresting plaintiff, fabricating evidence, using excessive force, and by failing to intercede to prevent the complained of conduct, defendants P.O. VELAZQUEZ and P.O. GAVILANES, acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed through 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

29. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM FOR RELIEF
## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS
### (Against the City of New York)

30. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

31. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

32. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline its employees and police officers, including defendants P.O. VELAZQUEZ and P.O. GAVILANES and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline defendants P.O. VELAZQUEZ and P.O. GAVILANES.

33. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

34. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

35. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

b. That he be awarded punitive damages against the individual defendants; and

c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

Dated: New York, New York
March 16, 2015

Respectfully submitted,

By: _____
David B. Rankin
Rankin & Taylor, PLLC
11 Park Place, Suite 914
New York, New York 10007
t: 212-226-4507

_____/s/_____
Michael L. Spiegel, Esq.
11 Park Place, Suite 914
New York, New York 10007
t: 212-587-8558

*Attorneys for the Plaintiff*